Filed 5/19/26  P. v. Gonzalez-Machorro CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HIGINIO GONZALEZ-MACHORRO,<br><br>Defendant and Appellant. | 2d Crim. No. B337031<br>(Cons. w/ B342774)<br>(Super. Ct. No. 20CR01403)<br>(Santa Barbara County) |

Appellant Higinio Gonzalez-Machorro challenges his conviction of rape of an intoxicated woman in violation of Penal Code[1] section 261, subdivision (a)(3).  He contends his conviction must be reversed because of two instructional errors.  We disagree and will affirm.

---

[1] Further undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant and Jane Doe were 21 and 19 years old, attending a Fourth of July party at a fraternity house. Both drank heavily. Appellant believes he was in a "brownout" (a partial blackout), but he was able to testify in detail regarding his conduct with Doe at the party. Doe does not remember the period between 8:00 p.m. and 12:40 a.m. The first thing she remembers is waking up in a bed with two men and believing she had been raped. The next thing she remembers is standing in the street screaming that she had been raped. Her shoes were gone, her clothes were undone, and her personal items were missing.

Doe suffered multiple injuries, including a cut on her left thigh, an abrasion on her lower right thigh, bruising on her lower thigh and her left scapula, and redness in the center of her back. She suffered from severe pain in her anus lasting several weeks.

Doe submitted to a SART exam. Swabs taken from her vagina, rectum, and lower back were sent for DNA analysis. Her boyfriend and three other men who attended the party were excluded as contributors. Appellant was included as a contributor.

Appellant was charged by amended information with rape while the victim was prevented from resisting by any intoxicating or anesthetic substance (count 1; § 261, subd. (a)(3)), rape of unconscious person (count 2; § 261, subd. (a)(4)(B)), sodomy of an intoxicated person (count 3; § 286, subd. (i)), and sodomy of an unconscious victim (count 4; § 286, subd. (f)). As to each count, it was alleged the victim was particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3).) Appellant pled not guilty. A jury found him guilty as charged on count 1, acquitted him on counts 2

2

through 4, and found the aggravating factor not true. The trial court sentenced appellant to six years in state prison.

## DISCUSSION

### *CALCRIM No. 1002 Correctly States the Law*

Appellant contends CALCRIM No. 1002 as given to the jury failed to adequately identify the standard of criminal negligence required for a conviction under section 261, subdivision (a)(3) because "the instruction's 'reasonably should have been known' language improperly suggests that ordinary negligence is sufficient for [a] conviction."

We review de novo whether jury instructions are correct, consider the instructions as a whole, and examine whether the instructions fully and fairly instructed the jury on the applicable law. (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

Section 261, subdivision (a)(3) provides: "Rape is an act of sexual intercourse accomplished . . . [i]f a person is prevented from resisting by an intoxicating or anesthetic substance or a controlled substance, and this condition was known, *or reasonably should have been known* by the accused." (§ 261, subd. (a)(3), italics added.)

CALCRIM No. 1002 as given differs slightly from section 261, subdivision (a)(3), stating: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant had sexual intercourse with a woman, [¶] 2. The effect of an intoxicating substance prevented the woman from resisting, [¶] AND [¶] 3. The defendant *knew or reasonably should have known* that the effect of an intoxicating substance prevented the woman from resisting." (CALCRIM No. 1002, italics added.) The instruction uses "knew" instead of "was known" and omits "been" before "known", but otherwise the statute and relevant portions of the instruction are identical. CALCRIM No. 1002 neither

omits nor fails to adequately define an element of section 261, subdivision (a)(3).

"The language of a statute defining a crime or defense is generally an appropriate and desirable basis for an instruction and is ordinarily sufficient when the defendant fails to request amplification. If the jury would have no difficulty in understanding the statute without guidance, the court need do no more than instruct in statutory language." (*People v. Poggi* (1988) 45 Cal.3d 306, 327.) Section 261, subdivision (a)(3) is unambiguous, sets an appropriate standard of constructive knowledge, and is "understandable by persons of ordinary intelligence." (*People v. Linwood* (2003) 105 Cal.App.4th 59, 69 (*Linwood*).) Instructing the jury with the standard version of CALCRIM 1002, which closely tracks the statute, was proper.

*Trial Court Properly Responded to Jury Question*

Appellant contends his conviction must be reversed because the trial court failed to adequately and correctly clarify CALCRIM No. 1002 in its response to a handwritten jury note, and it failed to supply the jury with CALCRIM No. 253, the standard criminal negligence instruction.

We review a court's decision "to instruct, or not to instruct, in its exercise of its supervision over a deliberating jury" for abuse of discretion. (*People v. Waidla* (2000) 22 Cal.4th 690, 745-746.)

The deliberating jury's handwritten note asked, "We are looking for more clarity around the word 'reasonably' in the 1st sentence of the last paragraph of charge 1002. Does the level of drunkenness of the Defendant play any role in 'reasonably'? Does his belief or state of mind at the time matter toward 'reasonably'?" The court reconvened with appellant, defense counsel, and the prosecutor to discuss how to address the jury's

question.  The court considered directing the jury back to No. 1002 and the prosecutor suggested providing No. 200, the common understanding instruction[2].  The court then proposed providing both Nos. 200 and 1002 and defense counsel responded, "That's fine with me."  The written response stated, "Please review CALCRIM 200 and CALCRIM 1002."

Appellant concedes defense counsel did not object to the court's written jury response, but nevertheless argues his claim is not forfeited because this error involves elements of the offense, implicating his due process rights.  We disagree.

"When the trial court responds to a question from a deliberating jury with a generally correct and pertinent statement of the law, a party who believes the court's response should be modified or clarified must make a contemporaneous request to that effect; failure to object to the trial court's wording or to request clarification results in forfeiture of the claim on appeal."  (*People v. Dykes* (2009) 46 Cal.4th 731, 802.)  Not only are CALCRIM Nos 1002 and 200 generally correct statements of law, but the court asked defense counsel for his input, defense counsel replied by asking for the court's thoughts, and then confirmed the court's suggestion was "fine with me."  If appellant wanted further clarification, he needed to inform the court.  His

---

[2] The relevant portion of CALCRIM No. 200 given to the jury provides:  "Some words or phrases used during this trial have legal meanings that are different from their meanings in everyday use.  These words and phrases will be specifically defined in these instructions.  Please be sure to listen carefully and follow the definitions that I give you.  Words and phrases not specifically defined in these instructions are to be applied using their ordinary everyday meaning."

failure to do so waives this claim. (*People v. Marks* (2003) 31 Cal.4th 197, 237.)

Additionally, the trial court was not required to instruct the jury with CALCRIM No. 253 because gross negligence is not an element of section 261, subdivision (a)(3). Rape of an intoxicated woman is a general intent crime. (*Linwood*, *supra*, 105 Cal.App.4th at p. 70.) The court properly instructed the jury with CALCRIM No. 250[3], which accurately refers to that standard.

It is appellant's burden to show "'"the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner"'" resulting in a manifest miscarriage of justice. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390.) We conclude appellant has not met this burden.

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

---

[3] "The crimes charged in this case require proof of the union, or joint operation, of act and wrongful intent. [¶] For you to find a person guilty of the crimes in this case, that person must not only commit the prohibited act, but must do so with wrongful intent. A person acts with wrongful intent when he or she intentionally does a prohibited act, however, it is not required that he or she intend to break the law. The act required is explained in the instruction for that crime." (CALCRIM No. 253.)

Von Deroian, Judge
Superior Court County of Santa Barbara

_____


Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Ana R. Duarte, Deputy Attorney General, for Plaintiff and Respondent.